IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| LEGEND INTERNATIONAL HOLDINGS INC., | Case No. 16-11131 (BLS) |
| Debtor(s). | |
| LEGEND INTERNATIONAL HOLDINGS INC., | |
| Plaintiff | Adv. Pro. No. 16-_____ |
| v. | |
| QUEENSLAND PHOSPHATE PTY LTD. AND CHRISTOPHER PALMER, AS RECEIVER AND MANAGER OF PARADISE PHOSPHATE LIMITED, | |
| Defendants. | |

## **COMPLAINT**

Legend International Holdings Inc. (the "**Plaintiff**" or "**Legend**"), the debtor and debtor in possession in the above-captioned case, by and through its undersigned counsel, alleges for its Complaint against the Defendants herein as follows:

## **NATURE OF THE ACTION**

1.      This adversary proceeding, commenced pursuant to Rule 7001 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), seeks declaratory judgment, injunctive relief, and damages against Defendants Queensland Phosphate Pty Ltd. ("**Queensland**") and Christopher Palmer, in his capacity as receiver and manager of Paradise Phosphate Limited (the "**Receiver**").

1

## JURISDICTION AND VENUE

2.      These claims arise under the Bankruptcy Code and arise in and are related to the above-captioned chapter 11 cases pending before this Court.

3.      This Court has jurisdiction over these claims pursuant to 28 U.S.C. §§ 1334 and 157.  These claims are a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue of these claims in this district is proper pursuant to 28 U.S.C. § 1409(a).

## PARTIES

4.      Plaintiff Legend is a corporation organized under the laws of the State of Delaware with its principal place of business at Level 1A, 42 Moray Street, Southbank, Victoria 3006, Australia.  Legend is the debtor in the above-captioned chapter 11 case.

5.      Upon information and belief, Defendant Queensland is a corporation incorporated in Australia with a principal place of business at 67 Penkivil Street, Bondi, New South Wales 2026, Australia.

6.      Upon information and belief, Defendant Receiver is an individual residing in Australia with a business address of Level 14, 9 Hunter Street, Sydney, New South Wales 2000, Australia.  Upon information and belief, Defendant Receiver was appointed by Queensland as receiver and manager of Paradise Phosphate Limited ("**Paradise**") on March 11, 2016.

7.      Upon information and belief, non-party Paradise is a corporation incorporated in Australia with a principal place of business at Level 1A, Moray Street, Southbank Victoria 3006, Australia.  Paradise own certain phosphate mineral assets and Paradise is a wholly owned subsidiary of Legend.

## FACTUAL ALLEGATIONS

*The Queensland Bond Agreement*

8.      Legend entered into a Convertible Bond and Subscription Agreement and Security Bond Deed dated November 24, 2015 with Queensland (the "**Bond Documents**"). Pursuant to the Bond Documents, Queensland agreed to subscribe for convertible bonds ("**Bonds**") issued by Legend, with interest on the Bonds payable at 10% per annum.  The Bonds were issued to raise funds for working capital purposes.

9.      The Bonds were purportedly secured by substantially all of Legend's assets, including Legend's 100% ownership interest in its subsidiary Paradise (the "**Liens**").

10.      Upon information and belief, the Liens were not duly perfected by Queensland by the filing of a UCC-1 Financing Statement with the Secretary of State of Delaware, as no such UCC-1 was ever filed.

11.      As of the Petition Date, Queensland subscribed to A$400,000 worth of Bonds.

*The Arbitration Award*

12.      On or about March 25, 2013, the Indian Farmers Fertilizer Cooperative Limited ("**IFFCO**") and its subsidiary, Kisan International Trading FZE ("**Kisan**") commenced an arbitration proceeding against Legend before the Singapore International Arbitration Centre seeking damages for Legend's alleged failure to enter into an agreement with IFFCO for phosphate rock in accordance with the terms of a certain Share Options Agreement, dated as of July 14, 2008, between Legend and IFFCO.  Legend vigorously defended against the claims of IFFCO and Kisan in the Singapore arbitration proceeding.

13.      On or about May 7, 2015, Singapore International Arbitration Centre entered an order against Legend and Mr. Joseph Gutnick, Legend's President, Chief Executive Officer, and

Chairman of the Board.  Under the order, Legend and Mr. Gutnick are to pay IFFCO and Kisan a total of $12.35 million and $28.05 million, plus interest and costs, respectively (the "**Arbitration Order**").

14.     On October 21, 2015, Legend announced that IFFCO and Kisan had filed a claim in the Victorian Supreme Court (Australia) to enforce the Arbitration Order.

*Appointment of Receiver*

15.     On or about March 11, 2016, the Receiver was purportedly appointed by Queensland as Receiver and Manager of Paradise pursuant to the Bond Documents and under a certain deed of appointment (the "**Deed of Appointment**").

16.     The Deed of Appointment alleged that the enforcement of the Arbitration Order caused an Event of Default under the Bond Documents and that the security interests granted by Legend and Paradise under the Bond Documents had therefore become enforceable.

17.     The Deed of Appointment further stated that "[Queensland] has requested that the Receiver accept an appointment to act as receiver and manager of all the present and after acquired personal property of Paradise and receiver of Legend's shareholding in Paradise, and the Receiver has agreed to accept the appointment."

18.     Upon information and belief, on or about April 22, 2016, the Receiver purportedly effectuated a transfer of all of Legend's shares of Paradise to Queensland (the "**Transfer**").

19.     On May 8, 2016 (the "**Petition Date**"), Legend filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

20.     On May 13, 2016, Legend sent a letter to the Receiver notifying him (to the extent he was previously unaware) that Legend had filed the above-captioned chapter 11 case on May

4

8, 2016 and that the automatic stay had been imposed.  Additionally, Legend demanded turnover by the Receiver of all of Legend's legal and equitable interests in Paradise in his possession as well as an accounting of such assets.

### COUNT I:  AVOIDANCE OF PREFENTIAL TRANFERS – 11 U.S.C. § 547(b)

(Against Defendant Queensland)

21.    Legend repeats and realleges the allegations set forth in paragraphs 1 through 20 as if fully set forth herein.

22.    The Transfer was of property of Legend and was made to Defendant Queensland within 90 days of the Petition Date (the "**Preference Period**").

23.    At the time of the Transfer, Defendant Queensland was a "creditor" of Legend within the meaning of 11 U.S.C. § 101(10).

24.    The Transfer was to or for the benefit of Defendant Queensland.

25.    The Transfer was on account of an antecedent debt owed by Legend to Defendant Queensland before the Transfer was made.

26.    The Transfer was made at a time when Legend was "insolvent" within the meaning of 11 U.S.C. § 101(32).

27.    The Transfer enabled Defendant Queensland to receive more than Defendant would have received if: (a) Legend's bankruptcy case were a case under chapter 7 of the Bankruptcy Code; (b) the Transfer had not been made; and (c) Defendant Queensland had received payment of such debt to the extent provided by the Bankruptcy Code.

28.    Legend is thus entitled to avoid the Transfer pursuant to 11 U.S.C. § 547(b).

85752844.1

## COUNT II:  AVOIDANCE OF FRAUDULENT TRANSFER – 11 U.S.C. §§ 544(b) and 548(a)(1)(B)

### (Against Defendant Queensland)

29.    Legend repeats and realleges the allegations set forth in paragraphs 1 through 28 as if fully set forth herein.

30.    The Transfer was a transfer of an interest of Legend in Legend's property.

31.    Legend is informed and believed, and alleges that, Legend did not receive reasonably equivalent value in exchange for the Transfer.

32.    Legend is informed and believed, and alleges that, Legend was insolvent at the time of the Transfer or Legend became insolvent as a result of the transfer.

33.    Legend is informed and believed, and alleges that, at the time of the transfer, Legend was engaged, or was about to engage, in a business or transaction for which any property remaining with Legend was an unreasonably small capital.

34.     Legend is informed and believed, and alleges that, at the time of the Transfer, Legend was engaged, or was about to engage, in a business or transaction for which any remaining assets of Legend were unreasonably small in relation to the business or transaction.

35.    Legend is informed and believed, and alleges that, at the time of the Transfer, Legend believed, or reasonably should have believed, that it would incur debts beyond its ability to pay such debts as they came due.

36.    Legend is informed and believed, and alleges that, a creditor holding an allowable unsecured claim against Legend existed at the time of the Transfer and could have avoided the Transfer.

37.    Legend is entitled to avoid the Transfer under 11 U.S.C. § 544(b), and 11 U.S.C. § 548(a)(1)(B).

85752844.1

### COUNT III:  RECOVERY OF AVOIDED TRANSFER – 11 U.S.C. § 550(a)(1)

(Against Defendant Queensland)

38.     Legend repeats and realleges the allegations set forth in paragraphs 1 through 37 as if fully set forth herein.

39.     Defendant Queensland was the initial transferee or the immediate or mediate transferee of such initial transferee or the person for whose benefit the Transfer was made.

40.     Pursuant to 11 U.S.C. § 550(a)(1), Legend is entitled to recover the property transferred, or the value of the property transferred, for the benefit of Legend's bankruptcy estate.

### COUNT IV:  AVOIDANCE OF LIENS – 11 U.S.C. §§ 544(a) and 551

(Against Defendant Queensland)

41.     Legend repeats and realleges the allegations set forth in paragraphs 1 through 40 as if fully set forth herein.

42.     To the extent that Queensland's purported Liens attached to property of Legend, such liens and securities interests should be avoided because they were unperfected.

43.     Queensland failed to properly perfect its purported liens on and security interest in Legend's property.

44.     Pursuant to 11 U.S.C. §§ 544(a)(1) and (2), Plaintiff may avoid any transfer of property of the Legend or any obligation incurred by the Legend that is voidable by:

> (1) a creditor that extends credit to the debtor at the time of the commencement of the case, and that obtains, at such time and with respect to such credit, a judicial lien on all property on which a creditor on a simple contract could have obtained such a judicial lien, whether or not such a creditor exists;

> (2) a creditor that extends credit to the debtor at the time of the commencement of the case, and obtains, at such time and with respect to such credit, an execution against the debtor that is

7

returned unsatisfied at such time, whether or not such a creditor exists . . . .

45.     Because Queensland does not have properly perfected liens on or security interests in any property of Legend, including Legend's shares of Paradise, any and all liens on and security interests in such property should be avoided pursuant to section 544(a) of the Bankruptcy Code and preserved for the benefit of Legend's estate pursuant to section 551 of the Bankruptcy Code.

## COUNT V – TURNOVER OF PROPERTY OF THE ESTATE - 11 U.S.C. § 543

(Against Defendant Receiver)

46.     Legend repeats and realleges the allegations set forth in paragraphs 1 through 45 as if fully set forth herein.

47.     Legend's shares of Paradise, ownership interests in Paradise, Paradise itself, and all proceeds thereof, was property of the estate.   Plaintiff is informed and believes, and alleges that, Legend's shares of Paradise, ownership interests in Paradise, Paradise itself, and proceeds thereof, remain in the possession, custody and/or control of Defendant Receiver, and that Defendant Receiver has failed and refused, and continues to fail and refuse, to deliver such property to Plaintiff or to account for such property or the value of such property, and that such property is of significant value and benefit to Legend's estate.

48.     Plaintiff is informed and believes, and thereon alleges that, pursuant to 11 U.S.C. § 543, Defendant Receiver is required to deliver any and all property of Legend's estate in Defendant Receiver's possession, custody and/or control, and to account for such property, including the proceeds thereof.   Service of this Complaint upon Defendant Receiver shall and does constitute demand by Plaintiff upon Defendant Receiver for turnover of, and accounting for, such property of the estate.

## PRAYER FOR RELIEF

8

**WHEREFORE**, the Plaintiff prays for judgment against Defendants as follows:

1.   On Count I, a judgment avoiding the Transfer pursuant to 11 U.S.C. § 547(b);

2.   On Count II, a judgment avoiding the Transfer pursuant to 11 U.S.C. § 544(b), and 11 U.S.C. § 548(a)(1)(B);

3.   On Count III, a judgment determining that the Transfer, or the value thereof, should be preserved for the benefit of Legend's estate, pursuant to 11 U.S.C. §§ 550 and 551;

4.   On Count IV, a judgment avoiding the Liens and preserving all avoided liens for the benefit of Legend's estate, pursuant to 11 U.S.C. §§ 544(a) and 551;

5.   On Count V, a judgment requiring that Defendant Receiver deliver any and all property of Legend's estate in Defendant Receiver's possession, custody and/or control to Legend and provide an accounting for all such property, including the proceeds thereof, pursuant to 11 U.S.C. § 543; and

6.   On all Counts, awarding:

     a.   Interest at the applicable rates until such time as the judgments rendered in Legend's favor are paid in full;

     b.   Costs (including attorneys' fees and cost) incurred in bringing this actions; and

     c.   Such other and further relief as the Court deems just and proper.


**Dated:** May 23, 2016                                  */s/ Steven K. Kortanek*
                                                          Steven K. Kortanek (Del. Bar No. 3106)
                                                          **Drinker Biddle & Reath LLP**
                                                          222 Delaware Avenue, Suite 1410
                                                          Wilmington, DE 19801-1621
                                                          Telephone: (302) 467-4238

85752844.1

Email: steven.kortanek@dbr.com

and

Leib M. Lerner
**Alston & Bird LLP**
333 S. Hope Street, 16th Floor
Los Angeles, CA 90071
Telephone: (213) 576-1000
Email: leib.lerner@alston.com

*Proposed Counsel for Plaintiff*

85752844.1