# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re | : | Chapter 11 |
| | : | |
| Legend International Holdings, Inc., | : | Case No. 16-11131 (BLS) |
| | : | |
| | : | |
| | : | **Objections Due: July 13, 2016 at 4:00 p.m.** |
| | : | **Hearing Date: July 20, 2016 at 1:00 p.m.** |

**UNITED STATES TRUSTEE'S RESPONSE TO THE APPLICATION OF AUTHORIZED COUNSEL AUTHORIZING WITHDRAWAL AS COUNSEL FOR DEBTOR AND DEBTOR-IN-POSSESSION AND CROSS-MOTION FOR DISMISSAL OF THE CHAPTER 11CASE UNDER 11 U.S.C. §§ 305 AND 1112 (D.I. 73)**

In support of his Response to the Application of Authorized Counsel Authorizing Withdrawal as Counsel for the Debtor and Debtor-In-Possession and Cross-Motion for Dismissal of the Chapter 11 Case Under 11 U.S.C. §§ 305 and 1112 (D. I. 73) (the "Cross-Motion"), Andrew R. Vara, the Acting United States Trustee for Region 3 (the "U.S. Trustee"), by undersigned counsel, avers as follows:

## PRELIMINARY STATEMENT

This Chapter 11 case is ripe for dismissal. The Debtor is a holding company and has no prospect of reorganization in this Court. The Application, if granted, leaves the Debtor without counsel which is required of corporations appearing before this court. Moreover, the Australian Court's "wind-up" makes this Chapter 11 case without purpose because the Debtor's assets are effectively being administered in Australia. The Australian statutory liquidation will resolve any and all issues and since the Debtor's appeal of the Australian Court's liquidation order was denied, the Australian liquidation procedure will proceed. The Debtor cannot reorganize, cannot fulfill its statutory duties under sections 1106 and 1107 of the Bankruptcy Code, and cannot appear at the First Meeting of Creditors. This Chapter 11 case should be dismissed.

## INTRODUCTION

1. This Court has jurisdiction to hear the Application and the U.S. Trustee's Cross-Motion under 28 U.S.C. §§ 157(a) and 1334.

2. Pursuant to 28 U.S.C. § 586(a)(3), the U.S. Trustee is charged with overseeing the administration of Chapter 11 cases filed in this judicial district. This duty is part of the U.S. Trustee's overarching responsibility to enforce the bankruptcy laws as written by Congress and interpreted by the courts. *See United States Trustee v. Columbia Gas Sys., Inc. (In re Columbia Gas Sys., Inc.),* 33 F.3d 294, 295-96 (3d Cir. 1994) (noting that U.S. Trustee has "public interest standing" under 11 U.S.C. § 307, which goes beyond mere pecuniary interest); *Morgenstern v. Revco D.S., Inc. (In re Revco D.S., Inc.)*, 898 F.2d 498, 500 (6th Cir. 1990) (describing the U.S. Trustee as a "watchdog").

3. In furtherance of his case supervisory responsibilities, as well as pursuant to 11 U.S.C. § 307, the U.S. Trustee has standing to raise and be heard on the Application and the issues raised by the U.S. Trustee's Cross-Motion.

## FACTUAL BACKGROUND

4. The Debtor filed its voluntary petition for relief under Chapter 11 of the Bankruptcy Code on May 8, 2013.

5. The U.S. Trustee has not appointed a Committee of Unsecured Creditors.

6. The First Meeting of Creditors pursuant to section 341(a) ("Meeting") was scheduled to be held on June 7, 2016, at 1:30 p.m. in Wilmington, Delaware (D.I. 7, 8), and could not be conducted. (D.I. 50).

7. On May 17, 2016, the Debtor filed an application to Employ and Retain Alston & Bird LLP and on May 18, 2016 the Debtor filed an Application to Employ and Retain Drinker, Biddle & Reath LLP (D.I. 16, 25)[1].

8. On June 7, 2016, the court entered orders approving their respective retention applications (D.I. 48, 49).

9. On June 2, 2016, the Australian trial court entered an order to wind-up the Debtor under Australian law. (the "Australian Order"). The Australian Order provided, *inter alia*, that the Debtor be "wound-up in insolvency under the provisions of the Corporations Act 2001 and that two liquidators effectuate the wind-up. (D.I. 37).

10. The Australian Order was appealed to the Supreme Court of Victoria Court of Appeal in Australia, and on June 30, 2016, such appeal was dismissed (See Exhibit "A" annexed hereto).

11. On July 1, 2016, Debtor's counsel together filed an Application for an Order Authorizing Withdrawal as Counsel for Debtor and Debtor-In-Possession asserting that, *inter alia*, under Australian law, the officers and directors of the Debtor cannot provide direction to Authorized Counsel due to the entry of the Australian Order and the appointment of the liquidators thereunder. Application at Paragraph 4.

**RESPONSE, ANALYSIS AND ARGUMENT**

12. This case should be dismissed under either Section 305 and/or Section 1112 of the Bankruptcy Code.[2]

---

[1] On May 17, 2016, the Debtor also filed a Motion to Approve Debtor In Possession Financing and an Application to Employ Waterson Legal as Special Counsel to the Debtor (D.I. 17, 18). However, to date, no orders have been entered either approving the Debtor In Possession Financing or Waterson Legal's employment.

3

13. The Debtor cannot articulate any clear path to exit Chapter 11 and the Australian Order and wind-up will resolve all of the issues in this case. Congress established three avenues to exit a Chapter 11 case: plan confirmation, conversion or dismissal. It does not appear that the Debtor could propose a confirmable Chapter 11 plan and thus either conversion or dismissal appear to be the only other routes for the Debtor to exit bankruptcy.

14. Under Section 1112(b)(1), once cause is found this Court "shall" convert these cases to chapter 7 or dismiss them, whichever is in the best interests of creditors and the estates. Upon dismissal, and unless the Court orders otherwise, estate property revests in the entity in which the property was vested immediately before the commencement of the case, which in this cases appears to be the Australian liquidators. *See* 11 U.S.C. § 349(b)(3). Congress intended the effect of dismissal to be "to undo the bankruptcy case, as far as practicable, and to restore all property rights to the position in which they were found at the commencement of the case." *See* H.R. Rep. No. 595, 95th Cong., 1st Sess. 338 (1977).

15. In the Chapter 7 context, nothing would be accomplished by conversion because there would no assets to administer outside of those being administered in Australia. Given the entry of the Australian Order and the appointment of the liquidators, conversion of the case to a chapter 7 case appears to be moot at best, without purpose and clearly not in the best interests of creditors.

---

[2] Section 305(a)(1) of the Bankruptcy Code provides in pertinent part that the court, after notice and a hearing, may dismiss a case under this title, . . . , at any time if - the interests of creditors and the debtor would be better served by such dismissal . . .". 11 U.S.C. 305(a)(1). Section 1112(b) of the Bankruptcy Code provides in pertinent part that " . . . on request of a party in interest, and after notice and a hearing, the court shall convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, for cause . . .". 11 U.S.C. 1112(b)(1).

16. The Debtor can only appear in federal court with counsel. There is long-standing precedent that a corporation may only appear in the federal courts through licensed counsel. *Rowland v. California Men's Colony, Unit II Men's Advisory Council*, 506 US 194 (1993) (citing, *inter alia*, *Osborn v. President of Bank of United States*, 9 Wheat 738, 829 (1824); *Turner v. American Bar Assn.*, 407 F. Supp. 451, 476 (ND Tex. 1975) (citing the "long line of cases" from 1824 to the present holding that a corporation may only be represented by licensed counsel). Without counsel, the Debtor can do nothing and is otherwise powerless. Since neither Chapter 11 nor Chapter 7 appear to be feasible, and the Debtor is soon to be without counsel, this Chapter 11 case should be dismissed.

17. Accordingly, for all of the foregoing reasons, creditors would be better served by dismissal of the Chapter 11 case and the Chapter 11 case should be dismissed.

## CONCLUSION

WHEREFORE the U.S. Trustee requests that this Court dismiss this Chapter 11 case and grant such other relief as is appropriate under the circumstances.

Respectfully submitted,

**ANDREW R. VARA**
**ACTING UNITED STATES TRUSTEE**

By:/s/Richard L. Schepacarter
Richard L. Schepacarter, Esquire
Trial Attorney
United States Department of Justice
Office of the United States Trustee
J. Caleb Boggs Federal Building
844 North King Street, Room 2207
Wilmington, DE 19801
(302) 573-6491
(302) 573-6497 (fax)

Dated: July 11, 2016

5