# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re:<br>**Legend International Holdings, Inc.,**<br><br>        **Debtor.** | **Chapter 11**<br><br>**Case No. 16-11131 (BLS)**<br><br>**Proposed Objection Deadline: [ ]**<br>**Proposed Hearing Date: July 20, 2016 at 1:00 p.m.** |

## LIQUIDATORS' MOTION TO DISMISS THE DEBTOR'S
## CHAPTER 11 CASE PURSUANT TO BANKRUPTCY CODE §§ 105(a) AND 305(a)

Mark Korda and Craig Shepard as court-appointed liquidators (the "Liquidators") of Legend International Holdings, Inc. ("Legend" or, following appointment of the Liquidators, the "Debtor (in Liquidation)") submit this *Liquidators' Motion to Dismiss the Debtor's Chapter 11 Case Pursuant to Bankruptcy Code §§ 105(a) and 305(a)* (the "Motion") and respectfully state as follows:

### PRELIMINARY STATEMENT

1.      In the past week, the Court of Appeal and the Supreme Court of Victoria have each issued orders affirming the Liquidators' appointment, clarifying that they are the only parties empowered to act on behalf of the Debtor (in Liquidation). The Liquidators now seek dismissal in order to avoid unnecessary expense and distraction as they administer the Debtor (in Liquidation)'s estate in Australia.

### STATUTORY PREDICATES

2.      The statutory predicates for the relief requested herein are Bankruptcy Code §§ 105(a) and 305(a), and Rules 1017 and 2002 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

**RESERVATION OF RIGHTS**

3.      The Liquidators' submission of this Motion and any other filings in support of the Motion is not a submission to, or admission of, the Court's jurisdiction or authority to resolve any matter involving the Liquidators and the Liquidators expressly reserve all rights and defenses with respect thereto.

**BACKGROUND**

4.      On April 11, 2016, creditors Indian Farmers Fertiliser Cooperative Limited and Kisan International Trading FZE (collectively, the "Foreign Judgment Creditors") commenced an involuntary insolvency proceeding in Australia by filing an application in the Supreme Court of Victoria (the "Australian Trial Court") for Legend to be wound up (the "Winding Up Application"). The Winding Up Application was listed for hearing on May 11, 2016. The Winding Up Application followed a long, drawn out arbitration regarding a claim by the Foreign Judgment Creditors against Legend (and one of its directors, Joseph Gutnick) and an award by the arbitration panel in favor of the Foreign Judgment Creditors.

5.      On May 8, 2016 (the "Petition Date"), one business day before the hearing on the Winding Up Application, a chapter 11 petition signed by Joseph Gutnick as Authorized Representative was filed on behalf of Legend in the United States Bankruptcy Court for the District of Delaware (the "Court") .

6.      On May 10, 2016, Peter Lee, as alleged Authorized Representative of the Debtor, filed an application in the Australian Trial Court seeking recognition of the chapter 11 case as a foreign main proceeding.

7.      On May 17, 2016, 2016, the *Motion for Order Pursuant to 11 U.S.C. §§ 105, 361, 362, 363, 364 and 507: (A) Authorizing the Debtor to Obtain Postpetition Financing; and (B)*

*Granting Related Relief Nunc Pro Tunc to May 8, 2016* (the "Financing Motion") [ECF 17] was filed on behalf of Legend, seeking authorization to obtain financing in order to pay professional fees incurred in the chapter 11 case.[1]

8.      On June 2, 2016 after a multi-day hearing and cross examination of witnesses, the Australian Trial Court entered an order (a) denying recognition of the chapter 11 case as a foreign main or non-main proceeding because Legend's center of main interests ("COMI") is in Australia and Legend does not have an establishment in the United States, (b) granting the Winding Up Application, and (c) appointing the Liquidators (the "Winding Up Order"). A copy of the Winding Up Order is attached hereto as Exhibit A.

9.      The Debtor (in Liquidation)'s officers and directors, acting through counsel to the Debtor in the Australian proceeding, sought a stay of the Winding Up Order. That request for a stay was denied, the effect of which was to immediately establish the Liquidators as the only parties authorized to take action on behalf of the Debtor (in Liquidation) under Australian law.

10.     On June 8, 2016, the Liquidators filed their *Reservation of Rights, Statement and Request for Adjournment* [ECF 53] requesting adjournment of the hearing on the Financing Motion and alerting the Court that the Liquidators were the only parties authorized to take action on behalf of the Debtor (in Liquidation) under Australian law.

11.     As requested, following the hearing on June 8, 2016, the Liquidators considered whether they could authorize the Debtor (in Liquidation)'s directors and counsel to act on its behalf in and to participate in the chapter 11 case on a limited basis while the Court considered

---

[1] The Financing Motion states that the Debtor "needs cash to meet certain obligations necessary to operate its businesses, and to fund operations and administration of estate and maintain the going concern value of its businesses". See Financing Motion at ¶ 7. However, the Debtor is a holding company and has minimal operational expenses, if any.

the Liquidators' forthcoming motion to dismiss the chapter 11 case. The Liquidators concluded they could not take an affirmative position on the topic without facing potential liability from dissenting creditors. On June 14, 2016, the Liquidators filed an originating process in the Australian Trial Court seeking directions regarding whether the Liquidators were justified not authorizing the Debtor (in Liquidation)'s directors and counsel to participate in the chapter 11 case. The Liquidator also encouraged the Debtor (in Liquidation)'s directors and counsel to seek authorization to participate in the chapter 11 case themselves.

12.      At a hearing on June 17, 2016, the Australian Trial Court granted Joseph Gutnick leave to appeal the Winding Up Order.

13.      On June 30, 2016, the Court of Appeal (the "Australian Appeals Court" and together with the Australian Trial Court, the "Australian Courts") dismissed Joseph Gutnick's appeal of the Winding-Up Order, affirming the Liquidators' appointment (the "June 30 Order"). A copy of the June 30 Order is attached hereto as Exhibit B.

14.      On July 1, 2016, US bankruptcy counsel retained by Legend's directors filed a motion seeking leave to withdraw as counsel [ECF 73], asserting that the directors did not have authority to act on behalf of the Debtor (in Liquidation).

15.      On July 8, 2016, the Australian Trial Court entered orders directing that "the [Liquidators] are justified in instructing legal counsel in the United States to lodge a dismissal motion in [the chapter 11 case]" (the "July 8 Order"). *See* July 8 Order at ¶ 2. A copy of the July 8 Order and a transcript of the hearing before the Australian Trial Court on that date (the "July 8 Transcript") are attached hereto as Exhibit C.

16.      On July 11, 2016, the Office of the United States Trustee for the District of Delaware (the "US Trustee") filed the *United States Trustee's Response to the Application of*

*Authorized Counsel Authorizing Withdrawal as Counsel for Debtor and Debtor-In-Possession and Cross Motion for Dismissal of the Chapter 11 Case Under 11 U.S.C. §§ 305 and 1112* [ECF 81] seeking dismissal of this chapter 11 case.

17.    Aside from having been incorporated in Delaware, the Debtor (in Liquidation) has no connections to United States. *See* Winding Up Order at ¶ 99 ("I am satisfied that the Delaware address . . . is nothing more than a post box").[2] The Debtor (in Liquidation)'s assets, operations, suppliers, customers and most of its creditors are located in Australia. *See* June 30 Order at ¶¶ 7, 33(f)-(h), 38; Winding Up Order at ¶¶ 100, 110-14 ("It is axiomatic the principal place of business and, I might add the only place of business, is a Melbourne address"). Key credit and security contracts are governed by Australian law. *See e.g.,* Winding Up Order at ¶¶ 9-10.[3] Litigation relating to significant creditor claims is pending in Australia. *See e.g., Id.* at ¶¶ 7, 12-18. The Debtor (in Liquidation)'s primary asset is its equity in Paradise Phosphate Pty Limited ("Paradise"), an Australian entity which owns various phosphate mining interests and related businesses in Australia. Paradise is currently in receivership in Australia. *Id.* at ¶ 17. The Debtor (in Liquidation) may have significant fraudulent transfer and preference claims against insiders and others that are best pursued in Australian courts.

18.    The Debtor (in Liquidation)'s directors have indicated they no longer intend to participate in this chapter 11 case, and that they do not have authority to act on behalf of the Debtor. *See* July 8 Transcript at 3:30-4:17; ECF 73 at ¶4.

---

[2] The Court may take judicial notice of the orders of the Australian Courts. *See* Rule 201 of the Federal Rules of Evidence, which applies in this case under Bankruptcy Rule 9017; *In re Columbia Gas Sys. Inc.*, 997 F.2d 1039, 1062 n.14 (3d Cir. 1993).

[3] SEC filings indicate the Convertible Bond Deed and General Security Deed referenced in the Winding Up Order are governed by the laws of Victoria and New South Wales, Australia.

### RELIEF REQUESTED

19.     The Liquidators respectfully request entry of an order pursuant to Bankruptcy Code §§ 105(a) and 305(a) dismissing the Debtor (in Liquidation)'s chapter 11 case.

### BASIS FOR RELIEF REQUESTED

20.     Bankruptcy Code § 305(a) provides that a bankruptcy court "may dismiss a case under this title or may suspend all proceedings in a case under this title, at any time, if . . . the interests of creditors and the debtor would be better served by such dismissal or suspension." 11 U.S.C. § 305(a)(1). Courts agree that abstention under Bankruptcy Code § 305(a) is an extraordinary remedy, and that the interests of the debtor and creditors must be served by granting the requested relief. *In re Northshore Main Services, Inc.*, 537 B.R. 192, 203 (Bankr. D. Del. 2015) (citations omitted).

21.     To determine the overall best interests of the debtor and creditors, courts often consider the following factors: (a) the economy and efficiency of administration; (b) whether another forum is available to protect the interests of both parties or there is already a pending proceeding in another jurisdiction; (c) whether federal proceedings are necessary to reach a just and equitable solution; (d) whether there is an alternate means of achieving an equitable distribution of assets; (e) whether the debtor and creditors can work out a less expensive out-of-court arrangement that better serves all interests in the case; (f) whether a non-federal insolvency proceeding is so far advanced that it would be costly and time consuming to start afresh with the federal bankruptcy process; and (g) the purpose for which bankruptcy jurisdiction has been sought. *Id.* at 203-204.

22.     "While all factors are considered, not all are given equal weight in every case. Where there is a pending foreign insolvency proceeding, concerns of comity must be taken into

6

account and deference must be given to the foreign proceedings." *In re Monitor Single Lift I, Ltd.*, 381 B.R. 455, 465 (Bankr. S.D.N.Y. 2008). In such cases, the key question is whether the foreign proceeding will fairly and equitably determine the parties' rights. Deference to the foreign court is appropriate so long as the foreign proceedings are procedurally fair and do not contravene the laws or public policy of the United States. *Id.*

23.    Numerous courts have ruled that Australian insolvency proceedings are worthy of, and entitled to, comity. *See e.g., In re ABC Learning Centres, Ltd.*, 728 F.3d 301, 309-11 (3d Cir. 2013); *Allstate Life Ins. v. Linter Group Ltd.*, 994 F.2d 996, 998-1000 (2d Cir. 1993). Because the Australian insolvency proceeding and courts will fairly and equitably determine the parties' rights, the Court should defer to them and dismiss this chapter 11 case.

24.    Even leaving comity aside, each of the factors weighs heavily in favor of dismissal. There are significant costs and burdens – including professional fees, quarterly fees and ongoing reporting obligations – associated with pursuing this chapter 11 case. Insolvency proceedings are ongoing in Australia, and this chapter 11 case is not necessary to obtain a just and equitable solution. In fact, Australian insolvency law is well-developed and the Liquidators can pursue a wide array of in- and out-of-court options to maximize return to creditors, ranging from reorganization to liquidation. The Australian Courts have also demonstrated that they are able to quickly and efficiently address issues that arise while the Debtor (in Liquidation) is in insolvency proceedings. Finally, it is not clear that this Court's jurisdiction was sought to protect the interests of the Debtor and its creditors but rather to "prevent the winding up". *See* June 30 Order at ¶33(i).

25.    This chapter 11 case is unnecessary. As set forth in detail in the Winding Up Order and the June 30 Order, the Debtor (in Liquidation)'s business activities are based in

Australia, all of the Debtor (in Liquidation)'s assets and the vast majority of its creditors are located in Australia or other foreign jurisdictions, and all of the Debtor (in Liquidation)'s officers and directors are located in Australia. *See* June 30 Order at ¶33(f)-(h). There is no need for a US proceeding. The Debtor (in Liquidation)'s affairs, and the claims of creditors, can be administered by the Liquidators in Australia, and the Australian Trial Court has suggested that this case should be dismissed.

26.     In addition to there being no reason for this proceeding to continue, there is also no party willing and able to pursue this bankruptcy case on behalf of the Debtor (in Liquidation). Pursuant to Australian law, the Liquidators are the only parties able to act on behalf of the Debtor (in Liquidation), and they do not wish to pursue this proceeding. Moreover, even if Mr. Gutnick, or other officers of the Debtor (in Liquidation), could pursue this proceeding under applicable law, there is no indication that they intend to do so. Counsel who has appeared for the Debtor has sought to withdraw from the case, and Mr. Gutnick's Australian counsel has stated to the Australian Trial Court that Mr. Gutnick does not wish to pursue this case. *See* July 8 Transcript at 3:30-4:17.

27.     For the same reasons that the main case should be dismissed, the Court should also dismiss the two adversary proceedings that were previously filed by the Debtor.[4] One of the adversary proceedings seeks to pursue fraudulent transfer claims in connection with the transfer of the equity in Paradise. If viable, those claims can be pursued by the Liquidators in Australia. The second adversary proceeding asserts a stay violation against the petitioning creditors in

---

[4] *Legend International Holdings Inc. v. Indian Farmers Fertilizer Cooperative Limited et al.*, Case No. 16-50976 (Bankr. D. Del. filed May 17, 2016); *Legend International Holdings Inc. v. Queensland Phosphate PTY LTD*, Case No. 16-50982 (Bankr. D. Del. filed May 23, 2016).

8

Australia. The Liquidators do not wish to pursue this litigation and there is no other party authorized to do so on behalf of the Debtor.[5]

## **NOTICE**

28.    Notice of this Motion has been provided to (i) the Unites States Trustee, (ii) counsel to the Debtor (in Liquidation), (iii) counsel to the Foreign Judgment Creditors; (iv) all parties who have filed appearances in this case, and (iv) all creditors identified by the Debtor in its schedules. The Liquidators submit that no other or further notice is necessary under the circumstances.

---

[5] If the Court deems it necessary, the Liquidators can file voluntary dismissals in the adversary proceedings on behalf of the Debtor (in Liquidation).

## CONCLUSION

WHEREFORE, the Liquidators respectfully request that the Court (a) enter an order dismissing the above-captioned chapter 11 case pursuant to Bankruptcy Code §§ 105(a) and 305(a), and (b) grant such other relief as may be just and appropriate.

Dated:  July 12, 2016                          **MORGAN LEWIS & BOCKIUS LLP**

/s/ *Jody C. Barillare*
Jody C. Barillare (Del. Bar No 5107)
Morgan, Lewis & Bockius LLP
The Nemours Building
1007 N. Orange Street, Suite 501
Wilmington, DE 19801
Telephone: (302) 574-3000
Fax: (302) 574-3001
Email: jody.barillare@morganlewis.com

Andrew J. Gallo
Morgan, Lewis & Bockius LLP
One Federal Street
Boston, MA 02110-1726
Telephone:  (617) 341-7700
Fax: (617) 341-7701
Email: andrew.gallo@morganlewis.com

Renée M. Dailey
Katherine Lindsay
Morgan, Lewis & Bockius LLP
One State Street
Hartford, CT 06103-3178
Telephone: (860) 240-2700
Fax: (860) 240-2800
Email: renee.dailey@morganlewis.com
Email: katherine.lindsay@morganlewis.com

*Counsel to the Liquidators on Behalf of the Debtor (in Liquidation)*

10