**EXHIBIT C**
**July 8 Order and Transcript**

IN THE SUPREME COURT OF VICTORIA AT MELBOURNE
COMMERCIAL COURT
COMMERCIAL LIST

LIST D
S CI 2016 02314

IN THE MATTER OF LEGEND INTERNATIONAL HOLDINGS INC (ABN 82 120 855 352) (IN LIQUIDATION)

BETWEEN:

**JOSEPH ISAAC GUTNICK**     Plaintiff

AND

**LEGEND INTERNATIONAL HOLDINGS INC (ABN 82 120 855 352) (IN LIQUIDATION)**     Defendant

## ORDER

| | |
|---|---|
| JUDGE: | The Honourable Justice Elliott |
| DATE MADE: | 8 July 2016 |
| ORIGINATING PROCESS: | Originating process |
| HOW OBTAINED: | Plaintiff's originating process filed 16 June 2016 |
| ATTENDANCE: | Mr P Noonan, of counsel, for the plaintiff |
| | Ms C Button, of counsel, for the defendant |
| | Mr M Sloan, solicitor, for Indian Farmers Fertiliser Cooperative Ltd and Kisan International Trading FZE (together, "the Creditors"), creditors of the defendant |
| OTHER MATTERS: | Nil |

THE COURT ORDERS THAT:

1. The proceeding is dismissed.

DATED: 11 July 2016

................................................
THE HONOURABLE JUSTICE ELLIOTT

TRANSCRIPT OF PROCEEDINGS

S CI 2016 02314

<u>SUPREME COURT OF VICTORIA</u>

<u>CIVIL DIVISION</u>

<u>MELBOURNE</u>

<u>FRIDAY 8 JULY 2016</u>

<u>BEFORE THE HONOURABLE JUSTICE ELLIOTT</u>

JOSEPH ISAAC GUTNICK                                        Plaintiff

- and -

LEGEND INTERNATIONAL HOLDINGS INC                           Defendant

MR P.S. NOONAN appeared on behalf of the Plaintiff.

DR C. BUTTON appeared on behalf of the Defendant.

MR M. SLOAN appeared on behalf of Indian Farmers Fertiliser Cooperative Ltd.

DTI Corporation Australia Pty Ltd            Telephone:  8628 5555
4/190 Queen Street Melbourne                 Facsimile:  9642 5185

1  DR BUTTON:  Yes, Your Honour, I appear for the plaintiffs in
2      that matter.
3  HIS HONOUR:  Thank you, Dr Button.
4  DR BUTTON:  Your Honour, I think the court file has recorded
5      Mr Gutnick's application as being the one before Your
6      Honour this morning where in fact it's the liquidator's
7      application this morning.
8  HIS HONOUR:  Yes.  Mr Noonan?
9  MR NOONAN:  I think that's right, Your Honour.  I appear for
10     Mr Gutnick, but insofar as I can appear - I'm not
11     technically a party, but as a courtesy I am here.
12 HIS HONOUR:  Thank you, Mr Noonan.
13 MR SLOAN:  If Your Honour pleases my name is Sloan and I appear
14     for IFFCO and aren't seeking leave.
15 HIS HONOUR:  Thank you.  How long do you think you will be?
16 DR BUTTON:  Your Honour, I understand the application that we
17     made is unopposed, so I don't think we would be more than
18     10 or 15 minutes.
19 HIS HONOUR:  Thank you very much.
20     (Short adjournment.)
21 HIS HONOUR:  I will deal with the Legend International matter
22     next.
23 DR BUTTON:  If it please the court I appear for the plaintiffs,
24     being the liquidators.
25 HIS HONOUR:  Dr Button, we will just call the other matter as
26     well.  So we have got both matters before me now I think.
27 DR BUTTON:  Thank you, Your Honour.  I appear for the
28     plaintiffs, the liquidators in the matter 1127, which is
29     the Mark Anthony Corda and Craig Peter Shepherd.
30 HIS HONOUR:  Yes, thank you, Dr Button.  I think we have got
31     appearances from everyone else.  What do you wish to say?

1  DR BUTTON:  Thank you, Your Honour.  Has Your Honour received
2       from my instructors overnight some submissions and this
3       morning proposed orders?
4  HIS HONOUR:  Yes.
5  DR BUTTON:  I apologise, Your Honour, for the late provision of
6       those submissions and orders and I ask if Your Honour has
7       had a chance to read them.
8  HIS HONOUR:  Yes, thank you, I have.
9  DR BUTTON:  So Your Honour will have seen from the orders that
10      we have sent through that what we propose today is to seek
11      from Your Honour a direction under s.479(3) of the Act,
12      alternatively the inherent jurisdiction of the court,
13      directing that the liquidators are justified in
14      instructing US counsel to make an application to the
15      Bankruptcy Court to dismiss the Chapter 11 proceeding.
16      That is moving on a bit from the position that we
17      indicated to Chambers on Wednesday.
18 HIS HONOUR:  Yes.
19 DR BUTTON:  The reason for that, Your Honour, is that
20      reflecting on it as we came closer to the date it seemed
21      to us that given that there have been developments –
22      developments that I will come to – but in short we want to
23      bring the matter to a head and there seemed to be no
24      utility in stringing it out by having further directions.
25 HIS HONOUR:  No.  From reading the transcript of the hearing of
26      22 June it seems that the judge in the US is available on
27      20 July, so it would be useful to have everything in place
28      before then.
29 DR BUTTON:  It certainly would, Your Honour.  The judge in the
30      US is hearing applications by counsel appointed by
31      Mr Gutnick for the company in the US to withdraw.  There

1    are two firms on the record.  One has now also made an
2    application for payment of its fees, so that is also
3    before Judge Shannon in the US on the 20th.  So if Your
4    Honour is able to make the direction that we seek today we
5    will certainly do our best to get the application to
6    withdraw on in time, so that if Judge Shannon is able to
7    also accommodate that on 20 July the whole matter can be
8    wrapped up on that date.
9  HIS HONOUR:  It is obviously a matter for him, but it did seem
10   from what he said on the last occasion that he was
11   available on that day for the parties.
12 DR BUTTON:  Yes.
13 HIS HONOUR:  And for what it's worth I think that would be a
14   preferable course.
15 DR BUTTON:  Is it of assistance, Your Honour, if I outline the
16   developments in this matter since it was last before Your
17   Honour on 17 June?
18 HIS HONOUR:  Thank you.  Subject to anything anyone else wants
19   to say I don't think I need that, having read the
20   submissions and also having been involved on the previous
21   hearing.  I will just hear what anyone else wishes to say
22   about it.
23 MR NOONAN:  Perhaps I can assist slightly, but there seems to
24   be some suggestion of submissions that we were opposing.
25   The position it got to was this; on the 30th there was an
26   email exchange in which my instructor said, in response to
27   an email from Mr Sloan, that it was appropriate in the
28   liquidators matter to deal with the liquidator.  There was
29   a further email from Mr Sloan which was not responded to.
30   In any event the position of the liquidator seems to be in
31   their submissions they're unsure whether Mr Gutnick wishes

1    to continue to be involved in the Chapter 11.  We take it
2    that was apparent from the fact that we had accepted we
3    had to apply for leave and we have now withdrawn our leave
4    application and the attorneys in the US have applied to
5    withdraw.  He apparently does not.  In any event that is
6    certainly the position.
7         There was also a question, seems to be a question of
8    submissions about whether Mr Gutnick accepted that it was
9    appropriate for the liquidators to act for the company in
10   the US.  Obviously given the effect of 471A and our need
11   to apply for leave and withdraw that leave we thought it
12   was apparent, but the position is, yes, we accept that
13   it's perfectly appropriate the liquidator spend now having
14   been affirmed by the Court of Appeal to take whatever
15   steps and Mr Gutnick is no longer going to be
16   participating in the Chapter 11.  That's really where it
17   lies.
18 HIS HONOUR:  Yes.
19 MR NOONAN:  There seems to be perhaps some miscommunication,
20   but in any event that's the position.  The liquidator
21   itself never actually asked my instructor, it went ahead
22   and filed two affidavits and submissions and amended its
23   originating process.  Be that as it may the position is I
24   can certainly indicate now it's not opposed.
25 HIS HONOUR:  Thank you.  While you are on your feet what's the
26   position in relation to the costs of the appeal?
27 MR NOONAN:  The costs of the appeal – there were submissions by
28   the respondent on the 6th and an order that we put in our
29   submissions on the 13th.
30 HIS HONOUR:  I see.  Thank you.
31 MR NOONAN:  So that's being dealt with in the Court of Appeal.

.TCM:CR 08/07/16 T1G          4                    DISCUSSION
Gutnick (International Holdings) 16-1996

1  HIS HONOUR:  Thank you.  Yes, Mr Sloan.

2  MR SLOAN:  Your Honour, I will be brief.  IFFCO is the largest
3      creditor of 97 per cent.  The key asset of Legend is the
4      shareholding in QPL which as Your Honour is aware is
5      subject to freezing orders, but is not within the control
6      of the liquidators at present.  Therefore the party that
7      is bearing the costs and the uncertainty in relation to
8      both matters is IFFCO and it absolutely supports the
9      liquidators application and if the matter is dealt with on
10     20 July then that will hopefully bring the certainty and
11     the finalisation of the matters which would be much
12     appreciated.

13 HIS HONOUR:  Just for the record IFFCO is Indian Farmers
14     Fertiliser Cooperated Limited.

15 MR SLOAN:  Correct, Your Honour, yes.

16 HIS HONOUR:  Thank you.  Ms Button, I think in light of the
17     written submissions that were helpfully provided that I
18     read before coming to court the orders that are sought in
19     paragraphs 1 and 2 of the proposed minute are appropriate.
20     The other issue is adjourning the matter off because of
21     the possible communication between the courts.  I must say
22     it does seem improbable that it will be necessary,
23     but - - -

24 DR BUTTON:  That may be, Your Honour, we just wish to leave the
25     door open for Judge Shannon if he feels it appropriate be
26     able to make the contact with this court, and for that
27     purpose it is necessary just to not finally close off this
28     proceeding today.

29 HIS HONOUR:  Does anyone wish to be heard in relation to that?

30 MR SLOAN:  Just very slightly, Your Honour; Judge Shannon has
31     raised issues as to the intersection between the US

1       Chapter 11, Chapter 15, and the Australian proceedings,
2       and the impact in particular of the Australian judgments
3       on the continuation of Chapter 11, and that doubt that has
4       been raised by His Honour might be best dealt with by a
5       court communication, especially given the novelty of the
6       issues, and the transcripts he had requested to be
7       addressed specifically and had intimated the parties
8       should consider the funding in relation to being heard on
9       the question of how the Chapter 11 should complete, and
10      hence that the submission that a joint hearing may
11      actually assist in terms of bringing finality to that
12      issue that had been raised of the court's own volition.
13 MR NOONAN:  It seems somewhat hypothetical, I think the
14      procedural question, I think the originating process as I
15      see it has got to be spent, but if the court wants to
16      leave it open - - -
17 HIS HONOUR:  I must say at the moment it's difficult to see how
18      it would be necessary, but given anything is possible I
19      can simply adjourn the proceeding to a particular date.
20 MR NOONAN:  Yes, I will express my shrug for the transcript –
21      we really don't mind particularly, it's in the court's
22      hands.
23 HIS HONOUR:  If it is not necessary the proceeding can simply
24      be dealt with on the papers and there won't be any
25      substantial further costs.
26 MR NOONAN:  Yes, and that's the only concern too, Your Honour.
27      To be frank I think that my client would prefer that I
28      wouldn't turn up again from a costs perspective.
29 HIS HONOUR:  Yes.  Unless there is any issue the parties don't
30      need to come back.
31 DR BUTTON:  Thank you, Your Honour.  We did anticipate that we

1       would communicate with Chambers and have that matter dealt
2       with on the papers when it becomes clear that no
3       communication will be required.
4  HIS HONOUR:  So what date should I adjourn the application to?
5  DR BUTTON:  Perhaps some time in mid August would be suitable.
6       That would give time for the matter to come back before
7       Judge Shannon in the US on the 20th and if it becomes
8       apparent at that time that we need a longer timeframe we
9       can again communicate with Chambers.
10 HIS HONOUR:  I will adjourn it until 10 am on 19 August 2016
11      with liberty to apply.
12 DR BUTTON:  Thank you, Your Honour.
13 HIS HONOUR:  Anything further?
14 MR NOONAN:  I assume that that's the liquidators - - -
15 HIS HONOUR:  It's the plaintiffs' application, yes.
16 MR NOONAN:  The liquidators originating process.  Because both
17      have been called, the other one probably - - -
18 HIS HONOUR:  The other proceeding has been adjourned at the
19      moment until 22 July.  There's still a proceeding - - -
20 MR NOONAN:  Not the freezing order one, the other originating
21      process.  There's two originating processes; there's my
22      client's, which we don't press.
23 HIS HONOUR:  On 17 June I adjourned one of the proceedings to
24      22 July from recollection.
25 MR NOONAN:  There's probably three proceedings I think.
26 HIS HONOUR:  Yes.  Should I do anything with that today or do I
27      just leave it for now?
28 MR NOONAN:  On the freezing order I suppose that's really in
29      the hands of those who applied for that.  It would make
30      sense perhaps for it all to come back on the same day.
31 HIS HONOUR:  I just raise the issue, you can discuss it amongst

```
 1          yourselves and if it makes sense to all come back on the
 2          19th rather than coming back twice you can do that.
 3  MR NOONAN:  Yes.  Then there's the two originating processes;
 4          there was Mr Gutnick's to seek leave under 471A
 5          (indistinct) which he doesn't press, so that can really go
 6          I think.  So that's all I can say.
 7  HIS HONOUR:  All right.  So that proceeding should be
 8          dismissed?
 9  MR NOONAN:  Yes, I think that's right.
10  HIS HONOUR:  I will make that order today.
11  MR NOONAN:  Thank you, Your Honour.
12  HIS HONOUR:  Anything further?
13  DR BUTTON:  No, Your Honour.
14  HIS HONOUR:  Thank you for your assistance.
15                                 - - -
```