IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>LEGEND INTERNATIONAL HOLDINGS INC.,<br><br>        Debtor. | Chapter 11<br><br>Case No. 16-11131 (BLS) |

**REPLY OF AUTHORIZED COUNSEL REGARDING MATTERS SET FOR HEARING ON JULY 20, 2016**

Alston & Bird LLP ("**Alston**") and Drinker Biddle & Reath ("**Drinker**", and together with Alston, "**Authorized Counsel**") respectfully represent as follows:

1. Authorized Counsel has no objection to the US Trustee's Cross-Motion to dismiss the case under 11 U.S.C. §305(a)(1), and request that any order granting the Cross-Motion should specify that it is being granted pursuant to that section. Authorized Counsel believe that an order dismissing the case under §1112 may be too vague on the record developed.

2. At the hearing on July 20, 2016, if the Court takes up the Cross-Motion first and dismisses the case under §305(a)(1), then Authorized Counsel believe that the other matters on calendar would be moot, and it would be appropriate for orders to be entered denying as moot the (1) First Application of Alston & Bird LLP for Services Rendered and Reimbursement of Expenses as Bankruptcy Counsel for Debtor and Debtor In Possession for the Period From May 8, 2016 Through May 31, 2016 [DE 72] ("Fee Application"); (2) Authorized Counsel's Application for Order Authorizing Withdrawal as Counsel for Debtor and Debtor-In-Possession [DE 73] ("Withdrawal Motion"); and (3) Liquidators' Motion to Dismiss the Debtor's Chapter 11 Case Pursuant to Bankruptcy Code §§105(a) and 305(a) ("Liquidators' Motion"). The

Liquidators' Objection to the Fee Application [DE 84] ("Liquidators' Objection") should also be overruled as moot in that situation.

3. If the Court takes up the Fee Application, Liquidators' Motion and/or the Liquidators' Objection, Authorized Counsel request that the Court consider the following:

A. The Liquidators have not filed a recognition proceeding. Therefore, they have no standing to bring the Liquidators' Motion or assert the Liquidators' Objection. The Bankruptcy Code is clear: "Upon recognition of a foreign proceeding, the foreign representative in the recognized proceeding is entitled to participate as a party in interest in a case regarding the debtor under this title." 11 U.S.C. §1512.[1]

B. The Liquidators' Motion inappropriately requests dismissal under §§105(a) and 305(a). The Liquidators are limited by the Code to dismissal under § 305(a)(2), which first requires recognition of a foreign proceeding, which has neither been sought nor obtained. Their request under §105(a) does not fix this infirmity, because a specific code section, § 305(b), limits the Liquidators' request for dismissal to §305(a)(2). "A foreign representative may seek dismissal or suspension under subsection (a)(2) of this section." 11 U.S.C. § 305(b). "It is hornbook law that §105(a) does not allow the bankruptcy court to override explicit mandates of other sections of the Bankruptcy Code." *Law v. Siegel*, 134 S.Ct. 1188, 1192.

C. The Liquidators' Objection is inappropriate. First, the Liquidators lack standing to object, as discussed above. Second, the Liquidators apply the wrong legal standard and muddy the facts. The Fee Application seeks approval of expenses and costs from the Petition Date through May 31, 2016, before the Liquidators were appointed on June 2. The

---

[1] Authorized Counsel are not advocating that the Liquidators file a recognition proceeding at this juncture in the case; rather, that it is simply inappropriate for the Court to rule on the Liquidators' Motion or consider the Liquidators' Objection because the Liquidators have no standing.

analysis is "whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title." 11 U.S.C. §330(a)(3)(C).[2]  The uncontroverted evidence provided in support of the Fee Application demonstrates that the services were performed and costs incurred to comply with the Code and protect the Debtor's interests at the time the services were rendered.  *See* Fee Application, Ex.A.

        D. The Liquidators' request that the order approving the Fee Application somehow address "priority of any resulting claim in the Debtor (in Liquidation)'s Australian insolvency proceeding" is likewise inappropriate.  First, the Liquidators have no standing to object to the Fee Application.  Second, Authorized Counsel have not appeared in any Australian proceedings or submitted a claim to the Liquidators, and are not subject to the jurisdiction of the Australian courts.  There is no "resulting claim" being adjudicated by this Court, and any order approving the Fee Application should be limited to the relief sought.

Dated: July 15, 2016

    */s/ Steven K. Kortanek*
Steven K. Kortanek (Del. Bar No. 3106)
**Drinker Biddle & Reath LLP**
222 Delaware Avenue, Suite 1410
Wilmington, DE 19801-1621
Telephone: (302) 467-4238
Email: steven.kortanek@dbr.com

and

Leib M. Lerner
**Alston & Bird LLP**
333 S. Hope Street, 16th Floor
Los Angeles, CA 90071
Telephone: (213) 576-1000
Email: leib.lerner@alston.com

*Counsel for Debtor and Debtor-in-possession*

---

[2] The Liquidators do not seem to voice objection to any of the other factors contained in Bankruptcy Code section 330(a)(3)(A) (time spent); (B) (rate charged); (D) (time commensurate with task); (E) (skill); (F) (comparable compensation in non-bankruptcy cases).